IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-464-FL

| | | |
|---|---|---|
| ELECTRONIC SYSTEMS PROTECTION, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| INNOVOLT, INC., | ) ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to transfer to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) (DE # 9).[1] Plaintiff has filed response, to which defendant has replied. Additionally, in plaintiff's motion to withdraw its motion for preliminary injunction,[2] argument in opposition to the instant motion was made, to which the court accorded opportunity to defendant to make further response. In this posture, the issues raised are ripe for adjudication. For the reasons stated more particularly herein, defendant's motion to transfer is denied.

## BACKGROUND

Plaintiff brought this action for patent infringement on grounds that defendant currently is

---

[1] On February 4, 2010, defendant filed motion to dismiss or, in the alternative, to transfer this case to the Northern District of Georgia. By order at pretrial conference undertaken March 18, 2010, the court granted defendant's oral motion made then to withdraw its motion to dismiss.

[2] The court allowed plaintiff's motion to withdraw its motion for preliminary injunction, which was consented to by defendant, in order entered April 19, 2010.

selling power filters in this district that infringe one or more claims of a patent owned by plaintiff. Plaintiff, a corporation with its principal place of business in Zebulon, North Carolina, markets and sells power filters and other power protection products. Defendant, a corporation with its principal place of business in Atlanta, Georgia, manufactures, markets, and sells power filters as well, including a power filter referred to as Innovolt's Plug In Protector.

## DISCUSSION

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The question of transfer under § 1404 is one committed to the sound discretion of the district court. S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). As a result, there is little circuit precedent analyzing transfer under § 1404(a), which has been analyzed primarily by district courts.

To determine whether a transfer is proper, a district court will balance the private and public interest factors. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). The court need not give equal weight to each factor; the transfer analysis is qualitative, not quantitative. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986); Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450 (W.D.N.C. 1989). These public and private interests include: the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view of the premises; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court

congestion; the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws. Gilbert, 330 U.S. at 508-09; Hardee's Food Sys., Inc. v. Rosenblatt, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998) (internal citations omitted).

In balancing these factors, it must be remembered that "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gilbert, 330 U.S. at 508; see also Arabian v. Bown, 966 F.2d 1441, 1992 WL 154026, at *1 (4th Cir. July 7, 1992) (unpublished table decision) (citing Gilbert, 330 U.S. 501). A defendant carries a particularly heavy burden when it moves pursuant to § 1404(a) to transfer an action from plaintiff's home forum. See Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947); Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003). When a plaintiff files suit in its home forum, convenience to parties and witnesses rarely operates to justify transfer of venue. See Koster, 330 U.S. at 524; In re Factor VIII or IX Concentrate Blood Prods. Litig., 484 F.3d 951, 955-56 (7th Cir. 2007); Bd. of Trustees v. Sullivant Ave. Props., LLC, 508 F. Supp. 2d 473, 477-79 (E.D. Va. 2007). Even if the plaintiff's choice of forum is inconvenient for the defendant, "[t]he court should refrain from transferring venue if to do so would simply shift the inconvenience from one party to another." Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc., 933 F. Supp. 507, 513 (M.D.N.C. 1996); see also Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

Here, plaintiff's initial choice of forum weighs heavily in its favor. Plaintiff brought suit in its home forum and the cause of action arises out of defendant's activities in this state. Plaintiff conducts most of its business functions from its only location in Zebulon, North Carolina, which will

3

be the site of much discoverable information. Plaintiff's workforce is located primarily in North Carolina. Further, North Carolina has a local interest in settling this controversy in this state. In short, the plaintiff's connection to this district is substantial.

Defendant's argument rests primarily on the convenience to third-party witnesses, particularly those from the Georgia Tech Research Corporation, of a forum in the Northern District of Georgia. Defendant argues that a simple numerical comparison of the people identified in the initial disclosures living in the Northern District of Georgia and this district does not account for the location of the "key witnesses" in this case. Defendant has identified two "likely key third-party witnesses" in its initial disclosures who are located in the Northern District of Georgia.

The record is devoid, however, of any more specific proffer, supported by affidavit or other in this instance. Defendant must provide enough information, typically by affidavit, to enable the court to balance the parties' interests. See, e.g., Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258-59 (1981); Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 148 (10th Cir. 1967); 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3851 (3d ed. 2010) ("The party seeking the transfer must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover.") (collecting cases). The lack of such a proffer makes a comparison of "key witnesses" residing in the different forums difficult, and without more, lessens the weight given to the convenience of third-party witnesses. See, e.g., Avant v. Travelers Ins. Co., 668 F. Supp. 509, 510 (D.S.C. 1987) (citing Ritter, 371 F.2d 145 (10th Cir. 1967) and Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc., 232 F.2d 584 (10th Cir. 1956)); JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 737 (E.D. Va. 2007); Bd. of Trustees, 508 F. Supp. 2d at 477 ("Witness convenience is often the most

4

important factor in balancing for a potential § 1404(a) transfer, but its influence may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony."). Accordingly, while the Northern District of Georgia may be more convenient for the two potentially key witnesses defendant identifies, this factor receives less weight in the court's analysis due to the lack of information regarding what other witnesses might or might not be "key."[3]

Even assuming that defendant does plan to call a number of witnesses located in the Northern District of Georgia, many witnesses residing in North Carolina and Pennsylvania will also be called to testify, should this case proceed to trial. For these witnesses, travel to the Northern District of Georgia is not substantially more convenient or substantially less expensive than to the Eastern District of North Carolina. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses thus does not weigh strongly in defendant's favor.

Similarly, the relative ease of access of proof and the administrative difficulties of court congestion do not weigh strongly in defendant's favor. Defendant has not shown that the volume of documents and other proof located in Georgia substantially outweighs what is located in North Carolina, and defendant's argument that a comparison of the relative congestion of the districts

---

[3] Moreover, the convenience of a forum to third-party witnesses receives greater emphasis when the chosen forum is unrelated to the action or the parties, particularly when it is not the plaintiff's home forum. In fact, most of the cases on which defendant relies involve this scenario. See, e.g., In re Genentech, Inc., 566 F.3d 1338, 1340-41 (5th Cir. 2009) ("[Plaintiff] brought the suit in . . . a venue which indisputably has no connection to any of the witnesses or evidence relevant to the cause of action."); In re Volkswagen of America, Inc., 545 F.3d 304, 307 (5th Cir. 2008) ("The overarching question . . . is whether a writ of mandamus should issue directing transfer of this case from [a venue that] has no connection to the parties, the witnesses, or the facts of this case . . . ."); Shoemake v. Union Pacific R.R. Co., 233 F. Supp. 2d 828, 831 (E.D. Tex. 2002) ("While the court generally will defer to the plaintiff's choice of forum where factually justified, the plaintiff's choice of forum will be given close scrutiny where, as here, the plaintiff does not live within the Division of the Court.") (internal citations omitted); Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 633 (E.D. Va. 2003) ("But, a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum.") (internal citations omitted). In this case, this factor receives less weight because of, *inter alia*, plaintiff's considerable connection to this district.

supports transfer is also unpersuasive. Such a comparison, in fact, shows that this district has less civil cases and a shorter median time from filing to trial. Several of the public and private interest factors are not helpful in determining the most convenient forum or are neutral and therefore do not warrant discussion.[4]

In short, this case properly was filed by plaintiff in its home forum, which bears a strong relationship to this cause of action. A transfer to the Northern District of Georgia would not serve the convenience of all parties, but would simply shift any inconvenience from defendant to plaintiff. While the court appreciates defendant's argument that as a large corporation it is potentially subject to nationwide venue, a "defendant bears a heavy burden of showing that the balance of interests weighs strongly in his favor in a motion to transfer." Arabian, 1992 WL 154026, at *1 (citation omitted). In this case, the balance of factors does not tilt strongly in favor of defendant, and plaintiff's choice of forum should not be disturbed.

## CONCLUSION

For the reasons discussed above, and after full consideration of the parties' arguments, the court finds that venue is proper in the Eastern District of North Carolina. Defendant's motion to transfer (DE # 9) is therefore DENIED.

SO ORDERED, this the 14th day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[4] For instance, the possibility of a view of the premises and the avoidance of unnecessary problems with conflict of laws are factors that do not apply to these facts.